COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

| | | |
|---|---|---|
| JVAN LAMAR HOWARD, | § | No. 08-10-00101-CR |
| Appellant, | § | Appeal from the |
| V. | § | 211th Judicial District Court |
| THE STATE OF TEXAS, | § | of Denton County, Texas |
| Appellee. | § | (TC# F-2008-1052-C) |
| | § | |
| | § | |

**O P I N I O N**

Jvan Howard was convicted of one count of aggravated sexual assault of a child and one count of possession of child pornography. He was sentenced to 25 and 10 years' imprisonment respectively, with the sentences to run concurrently. On appeal, Appellant raises four issues challenging the legal and factual sufficiency of the evidence supporting both convictions.

In March 2008, Joel Bernal, and his wife, Enedelia Soto purchased a used Samsung cellular phone at a pawn shop in Dallas. Two days later, the couple discovered the phone had several videos still saved in its memory. One of the videos included footage of a man encouraging a small female child to handle his penis and place it in her mouth. Disturbed by the video, Mr. Bernal and Mrs. Soto contacted the police. Officer Jamie Leal investigated. Officer Leal testified that the video depicted the lower torso, penis and upper legs of an adult male. The man appeared to be sitting, with his legs spread when a two or three-year old child comes into the frame, takes the man's erect penis in her hand, and places it in her mouth. Officer Leal

confiscated the phone for further investigation and contacted the Garland Police Department's Child Exploitation Section.

Detective Gregory Dugger, with the Dallas Police Department's crimes against children section, led the investigation into the video. Detective Dugger photographed and documented the phone, and then turned it over to digital forensic examiner J.D. Gardner with the North Texas Regional Computer Forensics Lab. Officer Gardner performed a full forensic examination of the phone, and exported all the information stored in the phone's memory, including call records, text messages, and video and still images. All the information was copied onto a computer disk which was submitted as evidence at trial. Officer Gardner exported a total of fifty-five still images and videos from the phone. Although the phone did not record the date and time information for the still images, the video files' "properties" included corresponding date and time stamps for each recording. The video depicting the child performing sexual acts was titled, "Video-0026.3gp." The accompanying information indicated that Video-0026.3gp was recorded on October 20, 2007, at 4:57 p.m. The remaining videos were recorded between September 21, 2007 and December 9, 2007.

Officer Gardner also documented the serial number and contents of the SIM card installed in the phone. According to Gardner, a SIM card provides a cellular carrier with basic account information, and is the mechanism through which a cellular company assigns a particular phone number to a customer. Based on the SIM card information and other markings on the phone, Detective Dugger determined the phone was serviced by T-Mobile. The carrier's records indicated Appellant was the phone's previous owner, at phone number 469-487-4025. According to T-Mobile's records, Appellant contacted the company's customer service

department from 469-487-4025 on November 5, 2007. During the call, Appellant verified his identity by providing the phone number, billing information and social security number association with the account. T-mobile's records also stated that the caller's name was "Jvan A. Howard." Another entry from the 4025 phone number dated October 20, 2007, included the same customer identification and verification.

The information exported from the phone also contained several text messages, incoming and outgoing, containing Appellant's first name. Several of the text messages were sent to, or received from phone number 469-544-8766. Call records also contained numerous entries from 469-544-8766, and indicated that this number was designated as one of Appellant's "favorites." The number belonged to Denisha Howard, Appellant's wife. According to the records, Appellant and Mrs. Howard were communicating between the 4025 and 8766 phone numbers from September 2007 through December 17, 2007.

On October 20, 2007, Appellant dropped his wife off at work at 10 a.m., and took their son to Mrs. Howard's mother's house in The Colony. Mrs. Howard did not finish her shift that day until after 8 p.m. Mrs. Howard's sisters, Misty, Brittany, and Alexia Seastrong, also lived at the house with Mrs. Howard's mother and stepfather. According to Mrs. Howard, Appellant had two personal cell phones at that time. She testified that Appellant called her at work on October 20, and told her that he had switched the SIM cards between the phones because his ususal phone, generally attached to the 4025 number, had a bad battery. Months later, when an investigator showed Mrs. Howard a still image of the penis depicted in Video-0026.3gp., Mrs. Howard testified that she knew the man in the picture was not her husband because

Appellant has a prominent scar on his penis from a surgery he had as a child.[1] She also testified that Appellant lost the phone associated with the 4025 number in late October 2007, and did not call her from that phone in November or December 2007.

During his investigation into Appellant's whereabouts in October 2007, Detective Dugger contacted Misty Seastrong, one of Mrs. Howard's sisters. When the detective showed Misty an image of the child depicted in "Video-0026.3gp," she identified the child as her daughter, A.E. A.E. was born on May 25, 2006. She was approximately sixteen months old when Video-0026.3gp was filmed. Misty testified that she was at her mother's house decorating for Halloween on October 20, 2007. Appellant was helping her with the decorations in the front yard. While the two were working, Misty noticed Appellant "playing on his phone or texting or something." She testified that she had no idea that Appellant was actually videotaping her while she put up decorations. Misty explained that Appellant was constantly on his phone during the day. According to Misty, Appellant kept his phone "locked" so that other people could not use the phone without entering the proper code. She testified that Appellant did not allow other people to use his phone.

Dallas Police Detectives contacted Mollie Ivery, early in 2008. The police showed Mrs. Ivery photographs of a the child depicted in Video-0026.3gp, and Ms. Ivery informed the detectives that the child was A.E., her granddaughter. Mrs. Ivery also recognized the surroundings in several other images, and informed police that they were pictures of her former home in The Colony.

Ruben Martinez managed the "Top Dollar Pawn Superstore" in Dallas in December

---

[1] Investigators did not photograph Appellant's penis for comparison.

2007. He identified the pawn ticket and sales receipt which documented the transactions related to the Samsung cell phone. According to the pawn ticket, the phone was pawned at the store, by someone other than Appellant on December 29, 2007. The phone was purchased by Joel Lara on March 10, 2008.

The State charged Appellant with one count of aggravated sexual assault of a child younger than six years' of age (Count I), and one count of possession of child pornography (Count II). A jury convicted Appellant of both offenses, and sentenced Appellant to twenty-five and ten years' imprisonment respectively. The trial court entered judgment on the jury's verdict, and ordered Appellant to register as a sex offender.

Appellant raises four issues on appeal. In Issues One and Two, he challenges the legal and factual sufficiency of the evidence supporting his conviction for aggravated sexual assault of a child. In Issues Three and Four, Appellant contends the evidence is legally and factually insufficient to sustain his conviction for possession of child pornography.

As a preliminary matter, we must note that since Appellant filed his brief in this case, the Texas Court of Criminal Appeals has ruled that the only standard applicable to determine whether the evidence is sufficient to support each element of a criminal offense is the standard for legal sufficiency defined by *Jackson v. Virginia*. *See Brooks v. State*, 323 S.W.3d 893, 895 (Tex.Crim.App. 2010)(holding that "the *Jackson v. Virginia*, legal sufficiency standard is the only standard that a reviewing court should apply in determining whether the evidence is sufficient to support each element of a criminal offense . . ."). Therefore, without addressing the merits of Appellant's factual insufficiency arguments further, we overrule Issues One and Three.

In Issue Two, Appellant challenges the legal sufficiency of the evidence supporting his

conviction for the aggravated sexual assault of A.E. on the basis that there is no evidence, or insufficient evidence, to support the jury's determination that he was the male depicted in the video. Appellant argues that the evidence presented at trial indicated that there were other people who had access to his phone on October 20, 2007, in addition to the evidence that Appellant had a noticeable scar on the tip of his penis, while the penis in the video was not scarred.

In a legal sufficiency review, we must consider all of the evidence in a light most favorable to the verdict, and determine whether a reasonable minded juror could have found the essential elements of the charged crime were proven beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 318-19, 99 S.Ct. 2781, 2788-89, 61 L.Ed.2d 560 (1979); *Hooper v. State*, 214 S.W.3d 9, 13 (Tex.Crim.App. 2007). We must defer to "the responsibility of the trier of fact to fairly resolve all conflicts in testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts." *Hooper*, 214 S.W.3d at 13.

Regarding the evidence that other individuals had access to the victim and Appellant's phone on the date of the offense, we note that A.E.'s mother testified that Appellant did not allow other people to use his cell phone, and kept it locked via secret key code. She also testified that there were no other adult males at the house in The Colony on October 20.

Regarding his second argument, as we noted above, neither Appellant, nor the State offered photographic evidence of Appellant's penis for comparison at trial. Only two witnesses testified regarding the alleged scar: (1) Appellant's wife, Mrs. Howard; and (2) Appellant's mother, Tammy Freeman. During her testimony, Mrs. Freeman explained that Appellant had surgery as a small child to repair an incomplete circumcision. However, Mrs. Freeman also admitted that she had not personally examined Appellant's penis since he was a child, and that

she did not have any idea what her son's penis looked like at the time of the offense.

Mrs. Howard testified that she was familiar with the appearance of Appellant's penis at the time of the offense. She testified that she told investigators that the man in the video could not be her husband because her husband had a noticeable scar on his penis, and there was no such scar on the man in the video.

However, the jury also heard testimony from Detective Dugger, who described Mrs. Howard's demeanor during the investigation as follows:

> [M]y impression was that she was very put off. She did not want to cooperate with the investigation at all. She was being very protective of [Appellant], not providing us with very many details and information, and I think I got the feeling that she wanted me out of her apartment as quickly as --as I could.

In addition, Denisha's sister, and the mother of the victim, testified that she and her sister had not spoken since they found out about the abuse.

Based on our discussion of the facts above, and considering that the jury, as the fact finder, was permitted to believe or disbelieve all, or any part of Mrs. Howard's testimony, we conclude it was reasonable for the jury to have determined Appellant was the individual in the video. Accordingly, the evidence in this case was legally sufficient. Issue Two is overruled.

In Issue Four, Appellant contends the evidence is legally insufficient to support his conviction for possession of child pornography. Specifically, Appellant argues the State failed to establish that he was aware of the video on his phone.

A person commits the offense of possession of child pornography if that person knowingly or intentionally possesses material that visually depicts a child, younger than 18 years' of age, engaged in sexual conduct; and the possessor knows that the material depicts such a child.

-7-

TEX.PEN.CODE ANN. § 43.26(a)(West 2011).  A person acts "knowingly" when he is aware of the nature of his conduct or certain circumstances, or when he is aware that his conduct is reasonably certain to cause the result.  TEX.PEN.CODE ANN. § 6.03(b)(West 2011).  Proof of a culpable mental state invariably depends on circumstantial evidence.  *Krause v. State*, 243 S.W.3d 95, 111 (Tex.App.--Houston [1st Dist.] 2007, pet. ref'd).  A jury can infer knowledge from all the circumstances, including the acts, conduct, and remarks of the defendant.  *Krause*, 243 S.W.3d at 111.

We conclude the jury could have concluded, beyond a reasonable doubt that Appellant "knowingly" possessed the video on his cell phone based on the following evidence:  (1) the phone where the video was stored was Appellant's; (2) Appellant was at the same location as the victim at the time of the offense; (3) testimony by Appellant's sister-in-law indicated that Appellant's phone was not accessible by others because it was locked with a security code; (4) Appellant made and received phone calls and text messages on the device where the video was stored immediately prior to and after, the date of the offense; and (5) there were no other adult males in close proximity to the victim at the time of the offense.  Accordingly, we conclude the evidence presented at trial was legally sufficient to support the jury's determination that Appellant possessed the images knowingly, and was therefore sufficient to support the conviction.  Issue Four is overruled.

Having overruled all of the issues raised by Appellant, we affirm the trial court's judgment.

August 3, 2011

DAVID WELLINGTON CHEW, Chief Justice

Before Chew, C.J., McClure, and Rivera, JJ.

(Do Not Publish)